IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| VIRGIE McKINNEY | § | |
| --- | --- | --- |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-568 |
| | § | |
| TEXAS FARMERS INSURANCE | § | |
| COMPANY | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties pursuant to 28 U.S.C. § 636(c), is the Motion for Summary Judgment of Defendant, Texas Farmers Insurance Company (Farmers); the Motion seeks the dismissal of the Complaint of Plaintiff, Virgie McKinney, in its entirety. The matter has been fully briefed and is ripe for determination.

The relevant facts are few. McKinney's home was insured by Farmers under a Standard Flood Insurance Policy (SFIP) when it was damaged by flooding caused by Hurricane Ike. The policy provides that Farmers "will pay to repair or replace the damaged dwelling . . . but not more than . . . (t)he necessary amount actually spent to repair or replace the damaged part of the dwelling for like use." Farmers paid McKinney a total of $83,310.47 for damages to the building. McKinney has testified that all of the repairs to her home are complete and that Steve McCutcheon's company did all the repair work. McCutcheon provided an affidavit to Farmers swearing that the total cost of the repairs he made was "about $65,404.47"[1]; that to the best of his knowledge "all flood damages from Hurricane Ike were completely repaired when (he) finished

---

[1] The Court notes, in passing, that some of the repairs that McCutcheon made were not to flood related damage.

the project"; and that "all of the items replaced were replaced with items of like kind and quality or better than those existing in the home at the time of Hurricane Ike." The summary judgment evidence establishes that McKinney spent a total of approximately $74,387.78, inclusive of McCutcheon's work, to complete the repairs and other necessary work on her property. Farmers now seeks summary judgment on the basis that the benefits it paid exceeded the "amount actually spent" by McKinney to repair her damaged property and that she is, therefore, not entitled to further benefits under the terms of the SFIP. This Court agrees.

McKinney argues that the Court should rely on the estimate of her expert, Hal Lavato, as the "essential" and best proof of her repair costs, but this Court finds this argument unpersuasive on the facts of this case. This is not a case, like those cited by McKinney, involving repairs that have not been completed, see e.g. Betzel v. State Farm Lloyds, 480 F.3d 704 (5th Cir. 2007). Hence, there is no need for Lavato's expert opinion that Farmers owes McKinney more than $107,000.00 in additional benefits. The Court also finds no use for McCutcheon's second affidavit; although the Court must resolve all factual inferences in favor of the non-movant, the Court cannot allow the non-movant to manufacture a disputed material fact where none exists. Russell v. Harrison, 736 F.2d 283, 287 (5th Cir. 1984)   "Thus, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without (an adequate) explanation, his previous testimony." Albertson v. T.J. Stephenson & Co., Inc., 749 F.2d 223, 228 (5th Cir. 1984)   After the filing of Farmers' summary judgment motion, McCutcheon signed an affidavit which avers that "(t)he monies that were provided by Ms. McKinney's insurance company were not sufficient to fully and completely repair her home and to put it back into the condition prior to the flood damage from Hurricane Ike." The only

"explanation" McCutcheon gives for his new opinion is that "(w)hen contacted by the attorneys (for Farmers) for the first affidavit in this matter, the attorneys did not clearly identify who they were or who they represented."  Even if that were true, which this Court seriously doubts, it should not have affected the truthfulness of his statements.  McCutcheon has not demonstrated that he was confused by the attorney's inquiry, Ramos v. Geddes, 137 F.R.D. 11, 13 (S.D. Tex. 1991), see also, Kennett-Murray Corp. v. Bone, 622 F.2d 887 (5th Cir. 1980), or that he has discovered new evidence that was not available at the time of his first affidavit.  Adelman-Tremblay v. Jewel Companies, Inc., 859 F.2d 517, 521 (7th Cir. 1988)   Consequently, this Court cannot allow McCutcheon's second affidavit to "manufacture a disputed material fact."  Consequently, there is no reliable summary judgment evidence to support an argument that the now-completed repairs have not restored McKinney's home to its pre-loss condition.  The Court, therefore, finds that McKinney is not entitled to receive any additional benefits under the SFIP.

Accordingly, it is **ORDERED** that the "Motion for Summary Judgment" (Instrument no. 23) of Defendant, Texas Farmers Insurance Company, is **GRANTED** and the Complaint of Plaintiff, Virgie McKinney, is **DISMISSED**.

**DONE** at Galveston, Texas, this \_\_\_\_30th\_\_\_\_ day of October, 2013.

_____
John R. Froeschner
United States Magistrate Judge